# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HENRY A. JONES,

            Plaintiff,

      v.

ALLISON JOYCE,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 20-0544 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. According to the plaintiff, his criminal conviction is invalid. *See* Compl. at 5 (page number designated by ECF). He asks this Court to order the California court to vacate the criminal judgment, and compensation of $1 million for each year of his allegedly false imprisonment. *See id.*

The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages fails. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub*

*nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219 (D.D.C. May 27, 2008).

The Court will dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order is issued separately.


DATE: April 15, 2020 /s/
AMY BERMAN JACKSON
United States District Judge